

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

**ATTORNEY GENERAL**

Honorable Leo Presnell
County Attorney
Upshur County
Gilmer, Texas

Dear Mr. Presnell:

Opinion No. 0-5846

Re: Legal authority of County Auditor to approve salary warrants issued under a Commissioners' Court minute, setting such salaries "as per legal provisions of law and based upon the same schedule as set up for the payment of officers during the previous year of 1943", and related questions.

We are in receipt of your letter of January 31, 1944, as follows:

"At the regular meeting of the Upshur County Commissioners Court held in January, 1944, the following Minute was passed:

"'Motion made, seconded and carried that all elective Co. officials of Upshur Co. be paid by warrants issued by the Co. Clerk on salary fund as per legal provisions of law and based upon the same schedule as set up for the payment of said officers during the previous year of 1943.'

"1. Does the County Auditor have the legal authority under the Minute above set out to approve warrants that might be issued by the County Clerk in payment of monthly salaries due to each of the following named county officials: County Judge, Sheriff, Assessor and

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Leo Presnell - page 2

Collector of Taxes, County Clerk, District Clerk, County Treasurer and County Attorney?

"2. In the event one of the above named elective county officials is now a Private in the Marine Corps of the United States Armed Forces, and, assuming that the above named minute is in all things a legal minute to direct the County Clerk to issue warrants for monthly salaries, would it still be legal for the County Auditor to approve the minute that might be issued to the elective public official serving in the armed forces?

"3. If the above mentioned Minute as passed by the Commissioners Court should be made more specific under Article 3912 in that the elective county officials are named and the amounts of monthly salaries stipulated in the minute, and assuming that the monthly salary of the above mentioned member of the armed forces should be so specifically stipulated, would the County Auditor still have the right to approve same?"

We answer your question No. 1 in the affirmative. The set-out minute or order of your Commissioners' Court clearly shows an intention of the court to authorize for the current year the payment of the same amount of salaries to such elective county officials as was authorized for the preceding year of 1943. If the order passed in 1943 was a valid one, then the one in question is also valid. Certainly, the current order does not change or modify the preceding order, and even if there had been no order passed for the current year, your auditor would be authorized to approve warrants issued under the authority of the preceding year's order or minute. This rule is stated in Vol. 34, Texas Jurisprudence, p. 525, as follows:

"An order fixing the amount which is not changed or modified continues in effect and is controlling for the succeeding year."

Our answer to your question No. 2 is also in the affirmative, and in support thereof, we hereto attach our Opinions Nos. O-5538, O-3448, O-4873, O-5017, O-4465, and O-5098. In so answering this question we assume you meant

Honorable Leo Presnell - page 3

"warrant" instead of "minute", where you say, ". . . would it still be legal for the County Auditor to approve the minute that might be issued to the elective public official serving in the armed forces?"

The above also answers your question No. 3.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*
Robt. L. Lattimore, Jr.
Assistant

RLL-MR

Enclosure

APPROVED FEB 17, 1944

*Acting* ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN